UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER RODARTE,<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE LESTER,<br><br>Defendant. | No. 2:24-cv-3428-DC-CKD (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Alexander Rodarte filed this action in the Sacramento County Superior Court and defendant Katherine Lester removed it to this court on December 10, 2024.[1] (ECF No. 1.) On December 11, 2024, defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12 and set the hearing to take place on February 21, 2024. (ECF No. 3.) Plaintiff did not file a response to the motion to dismiss. Accordingly, on January 13, 2025, the court vacated the hearing, cautioned plaintiff that a written response to the motion was required, and ordered plaintiff to file an opposition or statement of non-opposition to the motion to dismiss within 14 days. (ECF No. 7.) Plaintiff was specifically warned that any further failure to respond would be construed as a non-opposition to the motion and constitute a ground for the imposition of appropriate sanctions, and a recommendation that plaintiff's case be involuntarily dismissed with

---

[1] Plaintiff proceeds without the assistance of counsel; thus, this case is referred to the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

1

1  prejudice pursuant to Federal Rule of Civil Procedure 41(b). (Id.) On January 29, 2025, the court
2  re-served another copy of the January 13, 2025 order on plaintiff's updated address of record.
3        Plaintiff has not filed an opposition, statement of non-opposition, or otherwise responded
4  to the court's order. This action should be dismissed for plaintiff's failure to prosecute and failure
5  to comply with the court's orders and the local rules.

6        **Legal Standard**

7        An individual proceeding without an attorney is bound by the Federal Rules of Civil
8  Procedure and all other applicable law. Local Rule 183(a); see also King v. Atiyeh, 814 F.2d 565,
9  567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other
10 litigants") (overruled on other grounds). A district court may impose sanctions, including
11 involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b),
12 where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the
13 Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501
14 U.S. 32, 44 (1991) Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689
15 (9th Cir. 2005); Local Rule 183(a).

16       Before dismissing this case for failure to prosecute, the court weighs the following five
17 factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

21 Ferdik, 963 F.2d at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

22       **Analysis**

23       The first two factors weigh in favor of dismissal because this case has already been
24 delayed and is now unable to move forward due to plaintiff's failure to prosecute. For the same
25 reason, the third factor also slightly favors dismissal. With the passage of time, witnesses'
26 memories fade and evidence becomes stale. Under the fourth factor, plaintiff's failure to
27 prosecute precludes a resolution on the merits. Relevant to the fifth factor—availability of less
28 drastic alternatives—the court has attempted to avoid dismissal by cautioning plaintiff that a

written opposition to the motion is required and granting further time to file the opposition. However, plaintiff has been incommunicado since the case was removed to this court. Plaintiff's failure to prosecute and failure to respond to the court's order leaves little alternative to dismissal. Based on evaluation of the Ferdik factors, the undersigned recommends dismissal of the case at this time.

## RECOMMENDATIONS

For the reasons set forth above, it is HEREBY RECOMMENDED as follows:

1. This action be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b); and
2. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: April 21, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
roda24cv3428.nooppo.fr

3