UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER RODARTE,<br><br>    Plaintiff,<br><br>    v.<br><br>KATHERINE LESTER,<br><br>    Defendant. | No.  2:24-cv-3428-DJC-CKD (PS)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br><br>AND<br><br>AMENDED FINDINGS & RECOMMENDATIONS |

    Plaintiff Alexander Rodarte filed this action in the Sacramento County Superior Court and defendant Katherine Lester removed it to this court on December 10, 2024. (ECF No. 1.) On April 21, 2024, the undersigned recommended this case be dismissed without prejudice for plaintiff's failure to prosecute. (ECF No. 9.) Plaintiff filed a document which the undersigned construes as objections to the recommendation that this case be dismissed for failure to prosecute. (ECF No. 13.) Plaintiff's objections also contain a brief statement in writing in opposition to defendant's pending motion to dismiss. (See id.)

    Based on plaintiff's objections, the undersigned will vacate the recommendation to dismiss for failure to prosecute. Instead, the undersigned will recommend the court grant defendant's motion to dismiss (ECF No. 5) under Rule 12(b)(6) of the Federal Rules of Civil Procedure and dismiss this action without leave to amend for failure to state a claim upon which relief can be granted.

1

In the brief complaint, plaintiff alleges he stayed at the Oasis Inn Motel sometime in June or July of 2020 and was intoxicated. (ECF No. 1 at 5, 10.) Plaintiff heard a bang and called 911; the phone fell and became disconnected. (Id.) The police arrived and then left, saying "nothing's going on." (Id.) Later "it was playing on video every business or property [plaintiff] called or went on to[.]" (Id. at 5.) Plaintiff further alleges "SWAT was called and came in and hurt some people…." (Id. at 10.) Plaintiff brings a cause of action for negligence and a cause of action for breach of privacy. (Id. at 11.) Through this suit, plaintiff seeks "[t]o completely expunge me from the video[.]" (Id. at 6.)

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Particularly because plaintiff proceeds pro se, the court liberally construes the pleadings and affords plaintiff the benefit of any doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 (9th Cir. 1985). Nevertheless, courts are not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

Plaintiff fails to state a cause of action for negligence. Under the California Government Claims Act, no action for damages may be commenced against a public employee or entity unless a written claim was timely presented (within six months after the challenged incident) and acted upon before filing suit. See Cal. Govt. Code §§ 905, 945.4, 950.2. The resulting suit must "allege facts demonstrating or excusing compliance with the claim presentation requirements" or the state law claim is subject to dismissal. State of California v. Superior Ct., 32 Cal.4th 1234, 1239 (2004). "The requirement that a plaintiff must affirmatively allege compliance with the [Government Claims Act] applies in federal court." Butler v. Los Angeles County, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008). Plaintiff cannot maintain a state law negligence claim against

1  defendant because plaintiff fails to allege compliance with the Government Claims Act.

2  Plaintiff also fails to allege facts to establish the basic elements of a negligence claim.

3  See Ladd v. County of San Mateo, 12 Cal.4th 913, 917 (1996) (the elements of a negligence

4  claim are (1) a legal duty to use due care, (2) a breach of such legal duty, and (3) the breach as the

5  proximate or legal cause of the resulting injury). Here, plaintiff has not alleged any specific facts

6  about defendant Lester's involvement in the incident described in the complaint.

7  Plaintiff's second cause of action for breach of privacy also fails. Plaintiff states the

8  following in support of this claim:

> 9 CAL CIV CODE 1798.29 to protect citizens and privacy breach on a continuous blame and sever torment using advance technology cyber infrastructure security and automated license plate reader and has caused countless times of damage over the years to me and children that have suffered[.]

12  (ECF No. 1 at 11.)

13  As defendant argues, Section 1798.29 is a provision of the Information Practices Act of

14  1977 which applies to state agencies, not cities. Damner v. Facebook Inc., No. 20-CV-05177-

15  JCS, 2020 WL 7862706, at *8 (N.D. Cal. Dec. 31, 2020); Cal. Civ. Code § 1798.3(b) (The term

16  "agency" means every state office, officer, department, division, bureau, board, commission, or

17  other state agency.); Cal. Civ. Code § 1798.3(b)(4) (The term agency shall not include a local

18  agency, a city as defined in Section 7920.510(c) of the Government Code.). Defendant is not

19  alleged to be associated with any state agency. Plaintiff makes no allegations about the conduct of

20  any state agency. Plaintiff does not allege any conduct by defendant whatsoever and therefore

21  fails to state a claim against defendant.

22  Leave to amend a pleading should be freely granted when justice so requires. However,

23  "[v]alid reasons for denying leave to amend include undue delay, bad faith, prejudice, and

24  futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th

25  Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276,

26  1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not

27  have to allow futile amendments). Here, it clearly appears allowing amendment would be futile.

28  The complaint does not come close to meeting the requisite pleading standard to state any cause

3

of action. Plaintiff has not alleged any facts about defendant's involvement in or relation to the events described in the complaint. Plaintiff's opposition to the motion to dismiss also does not offer any explanation for why plaintiff is suing defendant. Under the circumstances, plaintiff's complaint should be dismissed without leave to amend, If, however, plaintiff can allege further facts to state a plausible claim for relief against defendant, then plaintiff shall include those allegations in any objections to these findings and recommendations.

In accordance with the above, IT IS ORDERED that the findings and recommendations filed on April 21, 2025 (ECF No. 9) are VACATED.

As amended findings and recommendations, IT IS RECOMMENDED that defendant's motion to dismiss (ECF No. 5) be GRANTED and this case be dismissed without leave to amend for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 22, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, roda24cv3430.vacfr.amnd